

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-6050
Re: Maximum working hours
of city policemen.

We quote from your letter:

"Article 5167, RCS, reads as follows:

"'In all incorporated cities and towns however incorporated, having a population of fifty thousand inhabitants or more, according to the preceding Federal census, the patrolmen thereof, or those performing duties ordinarily performed by patrolmen, shall be required to serve on actual duty as patrolmen not longer than eight hours in every twenty-four hours of the day; provided that in case of riot or other emergency, such patrolmen shall perform such duty and for such time as the directing authority of the department shall require.' (Underscoring ours).

"Article 1583, Penal Code, Sections 1 through 5, reads as follows:

"'1. No member of any fire department or police department in any city of more than twenty-five thousand (25,000) inhabitants shall be required to be on duty more than six (6) days in any one week.

"'2. The preceding subdivision shall not apply to cases of emergency.

"'3. Each member of any such departments in any city of more than thirty thousand (30,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay; provided that the

...MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John D. Reed, page 2

provision of this Section of this Act shall not
be applied to any member of any such department
in any city of more than thirty thousand (30,000)
inhabitants unless such member shall have been
regularly employed in such department or depart-
ments for a period of at least one (1) year.

"'4. Each preceding Federal census shall de-
termine the population.

"'5. The City officials having supervision
of the fire department and police department shall
designate the days of the week upon which each
such member shall not be required to be on duty,
and the days upon which each such member shall be
allowed to be on vacation.' (Underscoring ours)

"As far as I am able to determine, the stat-
utes above quoted are the only laws we have govern-
ing the hours of policemen in a city of fifty-eight
thousand (58,000) as shown by the last Federal cen-
sus.

"This Department is in receipt of an inquiry
from a city of the above size concerning whether
or not it would be within the law in instituting
a proposed plan of work and salaries for its police
officers for the duration of the war emergency. At
the present time the police officers are working
eight (8) hours per day, six (6) days per week,
and are receiving a salary of One Hundred and Sixty-
Five Dollars ($165.00) per month.

"Because the City is unable to replace its
personnel who have entered the armed services,
both the remaining officers and the city officials
have tentatively agreed to a twelve-hour day dur-
ing the emergency period and for this they are to
receive compensation for the extra four (4) hours
at the same rate of pay as regularly received.

"Police departments, like many industries,
are faced with a problem of finding qualified work-
ers, and this plan is to only be used during the
war emergency for the proper protection of life and
property.

Honorable John D. Reed, page 3


        "Will you please consider the above pro-
    posed plan and advise me whether or not it can
    be put into effect without violating our stat-
    utes?"

        The civil and penal statutes you have quoted are
the only applicable ones to policemen's hours of labor in a
city of 58,000 population. In both codes the law may not be
relaxed except in an emergency insofar as it limits hours of
work. What constitutes an emergency is a question of fact
in the case of each city of the class. We think the city
officials are competent to determine whether an emergency in
fact exists. It is a matter of universal knowledge that the
demands of war upon our manpower has created emergencies in
all walks of life and it does not seem reasonable to suppose
that the cities of the State are any exception to the rule.
If the city authorities so determine, it is our opinion that
an arrangement for six twelve-hour days per week would not
violate the statutes referred to. We further point out that
there is nothing in the statutes to prohibit a voluntary ar-
rangement such as you have outlined even in the absence of
an emergency.

                                    Very truly yours

                            ATTORNEY GENERAL OF TEXAS

                        By    Elbert Hooper
                                    Elbert Hooper
                                    Assistant

EH:db


                            APPROVED JUN 10, 1944

                            ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN